Allecia I. HAMMONS, Plaintiff–Appellant,

·v.

CUYAHOGA CHILD ENFORCEMENT AGENCY, Defendant–Appellee.

No. 02–3532.

United States Court of Appeals, Sixth Circuit.

June 6, 2003.

Before: KEITH, MOORE, and GIBBONS, Circuit Judges.

### ORDER

Allecia I. Hammons, proceeding pro se, appeals a district court judgment dismissing her civil action pursuant to the provisions of 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 4, 2002, Hammons filed a complaint against the Cuyahoga Child Enforcement Agency. The complaint, in its entirety, simply stated:

Enforce Court Order: VALID

Remove From State Court

Attached to the complaint was a Cuyahoga Support Enforcement Agency Administrative Order, which indicated that genetic testing had been performed to determine the paternity of Hammons's minor child, Allecia Helen Hammons. Based upon the results of the genetic testing, George Chisholm, Jr. was found to be the father of Allecia Helen Hammons. The administrative order referred the case to the Cuyahoga County, Ohio, Prosecutor's Office so that an action in juvenile court could be initiated "to determine the issues of child support, health insurance, and any other issues arising from this administrative determination of paternity." Apparently, Hammons sought enforcement of the administrative order attached to her complaint.

The district court granted Hammons's motion to proceed in forma pauperis and dismissed her complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii). Hammons has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

A complaint must contain " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Upon review, we conclude that Hammons's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. Hammons's complaint was vague, conclusory, and contained no factual allegations or legal theories upon which a valid federal claim may rest. Thus, even under the most liberal construction, Hammons's complaint did not state a claim for relief.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.